07-20011.oc

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-20011-CIV-COOKE-BROWN

DIEGO GARCIA and all others similarly
situated under 29 U.S.C. §216(B),

    Plaintiff,

vs.

FLORIDA ROOFING SOLUTIONS, INC.,
et al.,

    Defendants.
_____/

## ORDER RE:MOTION TO DISMISS

**THIS MATTER** is before this Court on Defendants'...Motion to Dismiss the Complaint ..., filed March 16, 2007. The Court has considered the motion, the response, and all pertinent materials in the file. The motion raises, essentially, two issues: (1) the execution by plaintiff of a consent as a class representative; and (2) the dismissal of the second count for personal injury.

As to the first ground, plaintiff has supported in the response that such a consent execution or filing is not required of the original plaintiff, only of the additions. There is no reply. Both parties cite to the same case for legal support. A fair reading of the case of Cameron-Grant v. Maxim Healthcare Services, Inc., 347 F. 3d 1240 (11th Cir. 2003). Indicates that plaintiff's interpretation of same is the correct one. Therefore, as to the first ground upon which the defendant seeks dismissal, the motion is **DENIED**.

The second count is a claim of personal injury allegedly suffered by the named plaintiff. The purported connection with the FLSA claim is that the injury occurred while on the job and that

plaintiff's witnesses on the FLSA claim "will purportedly be the same, or at least overlap, with those who worked with the Plaintiff the day he became injured ..." (pages 1-2 of the response). The parties are not in disagreement that this claim is a State Court claim and that jurisdiction lies with this court, if at all, pursuant to 28 U.S.C. §1367.

In carefully reviewing the law on this subject, and applying same to the allegations in this case, this Court concludes that the pendent State law claims do not arise out "a common nucleus of operative fact". See e.g. Parker v. Scrap Metal Processors, Inc., 468 F. 3d 733, 743 (11th Cir. 2006). In order to exercise pendent jurisdiction, the other claims must be so related that they "form part of the same case or controversy". 28 U.S.C. §1367(a). See also Palmer v. Hospital Authority of Randolph County, 22 F. 3d 1559, 1563 (11th Cir. 1994).

Although a vague statement is made re: overlapping witnesses, it is clear, at a minimum, that proof of liability for a personal injury claim has nothing, factually, to do with proof of a violation of the FLSA. In addition, the damages witnesses for the personal injury claim would have nothing to do with the FLSA case and nothing to do with any other plaintiffs opting into this case. The two claims do not arise from the same or similar facts. See e.g. L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F. 2d 414, 427 (11th Cir. 1984).

Accordingly, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED** as to Count I, and **GRANTED** as to Count II, with leave to re-file said claim in State Court. Defendants shall

have ten (10) days from the date of this order to answer the complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___7th___ day of November, 2007.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record